**HUDSON VALLEY CABLEVISION CORP. d/b/a Continental Cablevision, Plaintiff–Appellant,**

v.

**ROUTE 202 DEVELOPERS, INC., Defendant.**

No. 94 Civ. 2490 (VLB).

United States District Court, S.D. New York.

July 29, 1994.

Thomas E. Walsh II, Congers, NY, for plaintiff-appellant.

Kurtzman, Haspel & Stein, Spring Valley, NY, for debtor.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This bankruptcy appeal presents the question whether the automatic stay of other litigation imposed by 11 U.S.C. § 362(a)(1) should have been vacated by the bankruptcy court in a Chapter 11 reorganization case as to a state court litigation in which the plaintiff-appellant Hudson Valley Cablevision Corp. sought only judicial confirmation of an easement for a cable right of way then in use.

The debtor made no showing of hardship or interference with its reorganization. The bankruptcy court did not lift the automatic stay as to plaintiff's state court lawsuit, nor did it rule that vacatur of the stay was inappropriate; without making any findings, the bankruptcy court recommended that the matter be resolved by stipulation. The debtor agreed to discuss such a stipulation, but none was ever executed.

The debtor defaulted in regard to this appeal, filing no briefs or other papers and failing to answer inquiries by appellant's counsel concerning whether such papers would be filed. No showing of harm to the objectives of the reorganization if the automatic stay is lifted has been furnished either in this court or before the bankruptcy court.

The declination to vacate the automatic stay is reversed and the stay vacated with respect to plaintiff's New York state court litigation concerning its alleged easements for existing cable facilities on the debtor's property.

II

The automatic stay provisions of 11 U.S.C. § 362 as applied to a non-insolvency reorga-

nization under Chapter 11 of the Bankruptcy Code amounts to an *ex parte* temporary restraining order against the world without the need to show irreparable injury or other requisites necessary for preliminary injunctive relief. See *Bridgeport Coalition for Fair Representation v. City of Bridgeport*, 26 F.3d 271, 273–74 (2d Cir.1994); *Jackson Dairy v. HP Hood & Sons*, 596 F.2d 70, 72 (2d Cir.1979); *In re Vuitton et Fils S.A.*, 606 F.2d 1 (2d Cir.1979).

*Ex parte* relief of this type is strictly limited in time under Fed.R.Civ.P. 65. See *Granny Goose Foods v. Brotherhood of Teamsters*, 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *American Can Co. v. Mansukhani*, 742 F.2d 314 (7th Cir.1984). It presents constitutional questions where a predeprivation hearing is possible but not provided. See *Connecticut v. Doehr*, 501 U.S. 1, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991).

In order to offset the risks of the grant of such far-reaching unilateral power to a Chapter 11 filer, Congress has provided in 11 U.S.C. § 362(d) that the court "shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property ... or (2) ... if (B) ... property [involved] is not necessary to an effective reorganization." As pointed out in *In re Sonnax Industries*, 907 F.2d 1280, 1285 (2d Cir.1990), "Section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property'."

*Sonnax*, 907 F.2d at 1286 accepted as relevant twelve (12) factors set forth *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984) pertinent in such cases. It is important that these criteria be applied in such a manner as to allow debtors to reorganize successfully where this will result in permitting economic activity otherwise at risk of insolvency to continue for the benefit of all involved and the public. At the same time, where the stay is abused or is unnecessary to the purposes of the Bankruptcy Code, its prompt vacatur is equally important.

The factors set forth in *Curtis* which are relevant here include presence or absence of any interference with the bankruptcy case, whether or not interests of other creditors would be injured if a suit against the debtor were to proceed, and the balance of harms to the parties involved.

### III

The prospect for successful reorganization would not be jeopardized by a state court ruling permitting pre-existing cable lines to continue to be serviced, nor would the interests of other creditors be jeopardized. The balance of harms and equities thus favors permitting the state court case to proceed.

As indicated in *Sonnax*, an applicant for vacatur of an automatic stay under the Bankruptcy Code must carry the burden of making an initial showing of cause why the stay should be lifted. That showing has been made under 11 U.S.C. § 362(d) because the cable easement is at risk, whereas the property right to oppose an easement permitting continuation of the *status quo* is not necessary to an effective reorganization.

As likewise indicated in *Sonnax*, the ultimate burden of proof once an initial showing has been made by the applicant for lifting of the automatic stay, rests on the debtor under 11 U.S.C. § 362(g). The debtor has failed to provide any reason either to the Bankruptcy Court or on this appeal why the stay should continue in effect, and has not met its burden.

### IV

While the Bankruptcy Court acted appropriately in encouraging the parties to resolve this matter by stipulation, failure to do so cannot ultimately deprive an applicant for vacation of a stay of the right to obtain a ruling that the stay be vacated should this be called for by the statute.

### V

The debtor's failure either to stipulate to vacate the automatic stay at issue, or to defend the present appeal, raises questions about the status and prospects of this Chapter 11 case which will doubtless be considered by the Bankruptcy Court.

SO ORDERED.